## Continental Illustrating Company v. City Transfer Company.

*Costs—Security for—Setting forth defense—Rule of court.*

Under a rule of court permitting a defendant to require a plaintiff to give security for costs in certain cases, on "affidavit showing a just defense against the whole demand," it is insufficient to aver merely that defendant has a just defense, but it is necessary to set forth the nature and character of such defense.

Rule for security for costs. C. P. Dauphin Co., Sept. T., 1926, No. 1439.

*Earl V. Compton*, for plaintiff; *Rosenberg* and *Rosenberg*, for defendant.

FOX, J., May 15, 1927.—This matter comes before us upon a demurrer to a rule which was granted upon the petition of the defendant to show cause why the plaintiff should not give security for costs before the next term of court.

The substance of the petition for the rule is that the plaintiff instituted suit against the defendant before an alderman in the City of Harrisburg, and that the defendant took an appeal from the judgment rendered against him by the said alderman, which was filed in this court to the above-stated number and term; that the defendant is a resident of the City of Harrisburg; that the plaintiff is a non-resident of Pennsylvania; and that the petitioner has a just defense to the whole demand of the plaintiff.

The demurrer, in its support, sets forth the following reasons:

"1. The act of assembly upon which the defendant's petition is based is contrary to the Constitution of the Commonwealth of Pennsylvania and of the United States, and is void.

"2. The petition of the defendant does not specify its defense.

"3. The petition of the defendant does not specify that it is not made for the purpose of delay.

"4. The petition of the defendant does not aver that the material witnesses of both parties reside in the county and state in which the plaintiff resides.

"5. The defendant does not show that this is a *qui tam* action, a suit on an administration or official bond, or that the plaintiff has taken the benefit of the insolvent laws or been adjudged a bankrupt."

Rule 73 of this court provides: "In cases where the plaintiff resides out of the State, in *qui tam* actions, in suits on administration and official bonds, or when the plaintiff, after suit brought, has taken the benefit of the insolvent laws or been adjudged a bankrupt, the defendant, on motion and affidavit

showing a just defense against the whole demand, may have a rule that the plaintiff give security for costs before the next term; and for want of security, the court, on motion, may order judgment of non-suit to be entered."

We shall take up No. 2 of said reasons.

The pleadings show that the plaintiff resides out of the State and the defendant is now asking that the plaintiff give security for costs. The defendant, in his petition for the rule, in paragraph 5 of his reasons, states: "That the petitioner has a just defense to the whole demand of the plaintiff." The rule provides that, on motion and affidavit showing a just defense to the whole demand of the plaintiff, a rule may issue. We think the correct construction of this rule is that in any one of the cases enumerated in the rule of court, they being separate and in the disjunctive, the defendant, on motion for the rule, must set forth the character and nature of his defense, showing that it is a just defense to the whole demand, supported by affidavit, before he may have the rule. There is a wide difference between averring and showing a just defense. To aver, as defined by Cyc., volume 4, page 1075, is "to allege or assert; to express the truth of a declaration unequivocally." To show, as defined by the same authority, volume 36, page 434, is "to exhibit or present to view; to cause to see; to make apparent or clear by evidence, testimony or reasoning; to prove; to give the reason and explanation of; to manifest; to evince; to prove, to manifest, to prove by evidence; to make apparent or clear by evidence."

Wherefore, we are of the opinion that the defendant has not complied with the said rule of court, in that it has not shown that it has a good defense to the whole of the plaintiffs' demand, and that, therefore, the demurrer should be sustained and the rule discharged.

And now, May 15, 1927, the demurrer is sustained and the rule is discharged.        From Homer L. Kreider, Harrisburg, Pa.